**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALI M. DUALEH; JAWAHER SHREH, individually and on behalf of their minor children S.M. (age 11), A.M. (age 8), A.M. (age 7), A.M. (age 5), A.M. (age 4), and S.M. (8 months); MOHAMMED MIRREH,<br><br>        Plaintiffs - Appellants,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant,<br><br>    and<br><br>THOMAS PHILLIPS; KEVIN KEYES; LANCE GRAY; KEITH KING; DAVE LIEBMAN; JEFF MCCLANE,<br><br>        Defendants - Appellees. | No. 11-35067<br><br>D.C. No. 2:09-cv-00875-TSZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

_____

        [*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted January 9, 2012
Seattle, Washington

Before: GRABER, FISHER and RAWLINSON, Circuit Judges.

Plaintiffs Ali Dualeh and Jawaher Shreh appeal (1) the district court's denial of their motions for judgment as a matter of law, (2) the court's jury instruction that placed the burden of proof on plaintiffs and (3) the court's order granting summary judgment to Agent Thomas Phillips.

1. The district court did not err by denying the plaintiffs' motions for judgment as a matter of law. The knock-and-announce requirement may be excused by the presence of exigent circumstances. *See United States v. Bynum*, 362 F.3d 574, 579 (9th Cir. 2004). The municipal officer defendants presented evidence that they saw a person look down at them from the second floor of the Dualeh residence when they were crossing an open parking lot to serve drug-related search and arrest warrants. A reasonable juror could find that exigent circumstances existed based on the officers' fear for their personal safety or a concern for the destruction of evidence.

2. The district court did not err by instructing the jury that the plaintiffs had the ultimate burden of proof and the defendants had the burden of producing

evidence of exigent circumstances. The instruction was consistent with *Larez v. Holcomb*, 16 F.3d 1513, 1517 (9th Cir. 1994).

3. Because we hold that plaintiffs were not entitled to judgment as a matter of law and uphold the jury verdict in favor of the municipal officer defendants, we need not reach whether the district court erred by dismissing the plaintiffs' claims against Agent Phillips.

**AFFIRMED.**